■ DEEPDALE GARDENS COMMUNITY COUNCIL, INC., Appellant, v AL SILLEG MASONRY CORP. et al., Respondents.—In an action to recover for property damage negligently inflicted, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered December 2, 1974, in favor of defendants, upon the trial court's dismissal of the complaint at the close of the proof on the issue of liability, at a jury trial. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to appellant or respondent Al Silleg Masonry Corp. to abide the event. At the trial, it was established through appellant's sole witness that respondents, in the process of performing excavation work for appellant, placed 40 cubic yards of dirt, to a depth of three inches, on a platform with dimensions of 30 feet by 40 feet. The platform was constructed of hollow flexicor concrete beams laid on steel girders. The dirt remained on the platform for two weeks and then the platform collapsed. (Rain had fallen on occasion during the two-week period.) The witness did not testify to such matters as the weight of the dirt, the structural capacity of the platform or the condition of the platform at the time of the occurrence. At the conclusion of the testimony, the trial court was informed that appellant had one other witness, an engineer, who would testify concerning the extent of the property damage. Based upon appellant's attorney's characterization of the engineer's testimony, and on the omissions in proof, the trial court dismissed the complaint. We consider it error for the trial court to have done so without the benefit of the engineer's testimony. Considering his area of expertise, he may well have supplied the evidence which the trial court considered to be fatally absent. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.